No. 82-31

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

TOM BROGAN,

Plaintiff and Respondent,

vs.

JOHN BLANCHARD,

Defendant and Appellant.

---

Appeal from: District Court of the Sixth Judicial District,
In and for the County of Park
Honorable Jack Shanstrom, Judge presiding

Counsel of Record:

For Appellant:

Huppert and Swindlehurst, Livingston, Montana

For Respondent:

Robert L. Jovick, Livingston, Montana

---

Submitted on briefs: April 22, 1982

Decided: September 23, 1982

Filed: SEP 23 1982

Thomas J. Kearney
Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

Defendant appeals from a judgment entered on jury verdict by the Sixth Judicial District Court, Park County, Montana. We affirm.

Plaintiff brought an action alleging defendant negligently failed to close a farm gate allowing plaintiff's horses to escape onto a highway where they were subsequently killed. Jury trial resulted in a verdict for the plaintiff and the sole issue on appeal is whether there is sufficient evidence to support the verdict.

In August of 1977, defendant went to plaintiff's farm premises to return a tractor belonging to plaintiff. It was necessary for the defendant to pass through two gates on plaintiff's premises. Plaintiff testified that defendant told him that he did not expressly remember shutting the gates, but that he did not remember leaving them open. Plaintiff's wife testified that defendant admitted leaving a gate open, but she did not remember any specific language attributable to the defendant. Defendant disputed the testimony of plaintiff's wife.

The morning following the day when defendant went to plaintiff's premises, two of plaintiff's horses were found dead on or near the highway, abutting plaintiff's farmstead. The two boys that had accompanied defendant to plaintiff's premises testified positively that defendant had closed the gates.

The issue presented for resolution is whether under plaintiff's proof an issue was created for the jury on liability. We hold that there was evidence from which the jury might infer that plaintiff's horses escaped as the result of

defendant's negligence in leaving the gates open.

The jury need not have believed the testimony of the boys who accompanied the defendant on the day in question. Jacques v. Montana National Guard (1982), ____ Mont. ____, ____ P.2d ____, 39 St.Rep. 1565, 1572. The jury could have believed the testimony of plaintiff's wife that defendant admitted leaving the gates open. There was the further circumstantial evidence that the horses were found dead near the roadway on the day following defendant's visitation.

This Court must view the evidence in the light most favorable to the prevailing party. Gunnels v. Hoyt (1981), ____ Mont. ____, 633 P.2d 1187, 38 St.Rep. 1492, 1495. Where there is substantial credible evidence to support a jury verdict, it cannot be overturned on the basis of insufficiency. Nelson v. Hartman (1982), ____ Mont. ____, ____ P.2d ____, 39 St.Rep. 1409; Jacques v. Montana National Guard, supra.

We affirm.

_____
Justice

We Concur:

_____
_____
_____
_____
Justices

-3-